# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SAUEL S. ALMONTE,<br><br>  Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF<br>MASSACHUSETTS, et al.,<br><br>  Defendants. | Civil Action No. 14-11865-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                     February 27, 2015

### I. Introduction

Plaintiff Sauel S. Almonte ("Almonte") brings this action against federal and state agencies, employees and private individuals in which he alleges that the government has turned a blind eye to the criminal activities of members of organized crime gangs in exchange for information about the criminal activities of their competitors. For the reasons stated below, the Court grants Almonte leave to file a second amended complaint.

### II. Background

According to the amended complaint, on April 7, 2011, one or more persons attempted to murder Almonte in Mashpee, Massachusetts. The plaintiff claims that he was "set up" for the murder attempt by Tinea Gilbert and that members of organized crime conspired to carry out the attack, and because of the status of some of the conspirators as confidential informants, law enforcement turned a blind eye to their activities. The plaintiff also maintains that local, state, and federal law enforcement are aware of the "contract out for [his] life." Amend. Compl. (D. 9) at ¶ 30. He believes that he has been "robbed [of] everything" and that he has been "denied employment do [sic] to the monopoly the Varano Family and their associates have throughout the working environments and throughout New England." Id. at ¶ 31. Almonte further alleges that he has "exhausted all possible procedures with in [sic] the Commonwealth of Massachusetts but have been

made impossible to do the roadblocks those cells that work for and play favoritism with the Varano family in order to keep me silent." Id.

Almonte states that he is bringing claims for "defamation, pre-meditated attempt of murder, larceny, forgery, negligence, and conspiracy." Id. at ¶ 1. He also asserts that the defendants are liable under the Racketeer Influenced and Corruption Organizations Act, 18 U.S.C. §§ 1961-68; "Color of Law (Failure to Keep from Harm)"; 42 U.S.C. § 14141; 18 U.S.C. § 242; Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971); "conspiracy violations"; violations of state law; and, emotional distress.

### III. Discussion

Because the plaintiff is proceeding *in forma pauperis*, the amended complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

For the reasons stated below, the amended complaint is subject to dismissal.

#### A. Sovereign Immunity of the United States

The United States (including its various branches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). By passing the Federal Tort Claims Act ("FTCA") Congress waived the sovereign immunity of the United States for claims that fall within the purview of the statute. See 28 U.S.C. §§ 1346(b), 2671-2680; Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 36 (1st Cir. 2006). However, a plaintiff may not institute a claim under the FTCA in a federal district court until (1) the plaintiff has filed an administrative claim with the "appropriate Federal agency"; and (2) the agency finally denies the administrative claim or six

months pass without a final denial of the administrative claim--whichever comes first. 28 U.S.C. § 2675(a). This administrative remedy exhaustion requirement is jurisdictional. See Barrett, 462 F.3d at 38; see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").

Here, Almonte names the United States and the FBI as defendants, both of whom enjoy sovereign immunity in the absence of a waiver. The plaintiff purports to bring claims under the FTCA. However, he does not give any indication that he has filed the requisite administrative claim. Accordingly, the Court is without jurisdiction to consider any claims brought under the FTCA. Further none of the other bases of liabilities set forth by the plaintiff, see Amend. Compl. (D. 9) at ¶ 2, waive the sovereign immunity of the United States.

**B.      Eleventh Amendment Immunity of the Commonwealth of Massachusetts**

Almonte names the Attorney General's Office, Barnstable Probate and Family Court Falmouth District Court, Roxbury District Court, Boston Municipal Court, Supreme Judicial Court and the Massachusetts State Police. All of these entities are agencies or departments of the Commonwealth of Massachusetts. See, e.g., Whalen v. Massachusetts Trial Ct., 397 F.3d 19, 28-30 (1st Cir. 2005) (state trial court entitled to Eleventh Amendment immunity); Johnson v. Board of Bar Overseers of Mass., 324 F.Supp. 276, 286 (D. Mass. 2004) (Board of Bar Overseers entitled to Eleventh Amendment immunity). The Eleventh Amendment of the United States Constitution generally is recognized as a bar to suits in federal courts against a State, its departments and its agencies, unless the State has consented to suit or Congress has overridden the State's immunity. See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hudson Sav. Bank v. Austin, 479 F.3d 102, 105-06 (1st Cir. 2007). Here, the Court cannot discern any claim for relief against these defendants for which the Commonwealth of Massachusetts has waived its immunity or Congress has overridden it. Further a state is not a "person" under 42 U.S.C. § 1983, a statute which provides a right of action for the violation of federal rights by a "person" acting under the

color of state law.  See Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989).  The Massachusetts Tort Claims Act, M.G.L. ch. 258, which provides a right of action in state court against local and state governments for certain torts committed by their employees, also does not waive Eleventh Amendment immunity.  See Irwin v. Comm'r of Dep't of Youth Servs., 388 Mass 810, 821 (Mass. 1983).

Accordingly, all of the claims against the Attorney General's Office, Barnstable Probate and Family Court, Falmouth District Court, Roxbury District Court, Boston Municipal Court, Supreme Judicial Court and the Massachusetts State Police are subject to dismissal based on Eleventh Amendment immunity.

### C. Pleading Requirements of Rule 8(a) of the Federal Rules of Civil Procedure

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)).  This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why."  Id. (quoting Educadores, 367 F.3d at 68).  Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements."  Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).  The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A court is not "bound to accept as true a legal conclusion couched as a factual allegation," and "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. (quoting in part Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of a cause action, supported by mere conclusory statements, do not suffice."); Menard v. CSX Transp., Inc., 698 F.3d 40, 45 (1st Cir 2012) ("Conclusory statements must rest on

pleaded facts").

Here, Almonte's amended complaint does not meet the Rule 8(a) pleading requirements in two significant regards. First, he alleges that an attempt was made on his life but he does not provide any information about that alleged crime. The alleged murder attempt is at the center of Almonte's case, but, other than identifying the date and the city of the alleged attack, he does not provide "minimal facts as to who did what to whom, when, [and] where."

Second, the plaintiff's allegations concerning a conspiracy between the individual defendants involved in organized criminal activity and the government are entirely conclusory. Almonte does not articulate a plausible basis for his beliefs that these individuals are government informants or that they have conspired with government actors. While the general factual scenario that the plaintiff suggests--an inappropriate relationship between organized crime figures and the FBI--is not unfamiliar to the Court, see McIntyre ex rel. Estate of McIntyre v. United States, 545 F.3d 27 (1st Cir. 2008), to state a claim for relief Almonte must allege specific facts from which the Court may reasonably infer that such a relationship existed in regards to the alleged attempted murder.

**IV.     Conclusion**

For the aforementioned reasons, the plaintiff is directed to file a second amended complaint that conforms with the aforementioned discussion. Failure to do so within thirty days of the date of this order will result in dismissal of the action. Summonses shall only issue upon order of the Court.

    /s/ Denise J. Casper
United States District Judge